UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID W. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 14-10275-FDS |
| ) | |
| JOHN M. McHUGH, SECRETARY OF ) | |
| THE ARMY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REMAND**

**SAYLOR, J.**

This claim arises out of the United States Army's denial of a veteran's petitions for correction of his military records. Plaintiff David Bennett brings claims under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, asserting that the Army Board for Correction of Military Records ("ABCMR") improperly refused to expunge an adverse academic report and an adverse evaluation report from his military record.

Defendant John McHugh, Secretary of the Army, concedes that the ABCMR denied Bennett's applications without considering all of the materials he provided and has moved to remand the case to the agency for reconsideration on that basis. For the reasons set forth below, the motion will be granted.

**I.     Background**

The facts are presented as stated in the amended complaint.

David Bennett was born in Worcester, Massachusetts. After completing high school in

1965, he attended the College of the Holy Cross. He was unsuccessful in two applications for an appointment to the United States Military Academy while in high school and in college. In 1966, he enlisted into the United States Army.

In 1967, after attending the U.S. Army Engineer Officer Training School, Bennett was commissioned as a second lieutenant in the United States Army Corps of Engineers. After completing Airborne School and Ranger School, he was assigned as a platoon leader, company executive officer, and company commander for the 47th Engineer Battalion. He was deployed to Vietnam on November 15, 1968. While in Vietnam, he was promoted to captain, and he saw extensive combat. He was regularly subjected to intense enemy fire, and earned a Silver Star, a Bronze Star with Valor Device, the Combat Infantryman's Badge, and two Purple Hearts. He also received an unfavorable Officer Efficiency Report ("OER") for the period ending in February 28, 1969, which he seeks to expunge from his record on grounds of inaccuracy, lack of specificity, and administrative error.

In April 1971, Bennett was evacuated from Vietnam to the United States due to serious injuries, for which he received his second Purple Heart. Because of his injuries, which included loss of sight in his right eye, he met the criteria to be found "unfit" for retention on active duty. However, he implored his surgeons to find him "fit," and was so found in October 1971. After that finding, he was discharged from the hospital and returned to active duty.

The Army assigned him as a student officer in the Officer Undergraduate Degree Completion Program at the University of Massachusetts ("UMass") from January 1972 to January 1974. However, while at UMass, he lost the ability to concentrate and complete his coursework. He missed classes and eventually found it difficult to get out of bed. By mid-

2

semester, he made a request to be relieved of his academic assignment, and to be returned to an operational unit. This request was initially denied, but after he displayed continuing poor academic performance in the spring, he was reassigned.

In August 1972, Bennett joined the 1st Special Forces Group in Okinawa, Japan. On December 18, 1972, he received an adverse academic report a result of his failures at UMass, and was selected for involuntary release from active duty in 1973 as part of a reduction in force. The only OER that he received between the time he left UMass and the time he was released from active duty recommended that he be promoted ahead of his contemporaries. He was honorably discharged on December 3, 1973.

In 2006, a private therapist determined that Bennett's academic failure was attributable to post-traumatic stress disorder ("PTSD"). The therapist concluded that combat losses suffered by his previous unit fewer than thirty days after his departure had triggered a major depression. On April 27, 2007, a Department of Veterans Affairs psychologist examined him and diagnosed severe PTSD and major depressive disorder secondary to PTSD. The psychologist also attributed his academic failure to PTSD. On October 31, 2007, a different psychologist conducted a neuro/pyschological examination and concluded that his psychological and psychiatric symptoms were likely related to multiple traumatic brain injuries that occurred during his service in Vietnam.

On July 31, 2007, Bennett filed a request with the ABCMR to make three corrections to his military record: (1) to expunge the adverse OER; (2) to expunge the adverse academic report; and (3) to change his honorable discharge to a retirement due to physical disability, effective retroactively from December 3, 1973. The ABCMR denied that request on February

3

12, 2008. On February 13, 2008, Bennett sought reconsideration of the ABCMR's decision. He submitted additional materials for review on June 18, 2008. On June 19, 2008, on reconsideration the ABCMR again denied Bennett relief. On June 27, 2008, Bennett again requested reconsideration, asserting that the ABCMR did not consider the additional materials that he had submitted in his request for reconsideration. On July 24, 2008, he provided additional materials in support of his original request, and requested another review. The ABCMR, acting according to its controlling regulations, returned that request without action.

On February 6, 2014, Bennett filed a complaint with this Court seeking judicial review of the decisions of the ABCMR under the Administrative Procedures Act, alleging that the ABCMR's decisions were arbitrary and capricious and an abuse of discretion. On May 21, 2014, McHugh filed a motion to remand the case to the Department of the Army for further consideration.

## II.   Analysis

When an agency has not considered all relevant factors when making its decision, the proper course generally is to remand the matter to the agency for reconsideration. *Florida Power & Light v. Lorion*, 470 U.S. 729, 744 (1985). Voluntary remands are commonly granted because they allow agencies to correct their own mistakes without expending the resources of the court in reviewing a record that is admittedly incomplete or incorrect. *See, e.g.*, *Ethyl Corp v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). A voluntary remand should therefore be granted except in such "rare circumstances" as where there are clear reasons for a court to proceed without granting the remand. *See Florida Power*, 470 U.S. at 744; *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 417 (6th Cir. 2004). Thus, for example, courts

4

have held that an agency has the inherent authority to reconsider its own decision but found clear reason to deny a voluntary remand when an agency's request to review its own decision is "arbitrary, capricious, or an abuse of discretion." *See Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002).

Defendant here acknowledges that the ABCMR decided plaintiff's requests for reconsideration without considering the additional information he submitted. Both parties agree that the ABCMR did not consider all the relevant factors when making its decision. Presumably, therefore, a voluntary remand is proper. *See Florida Power*, 470 U.S. at 744. A remand will allow the ABCMR to consider the entire record, including the additional evidence. The ABCMR has the relevant expertise and knowledge to address the issues underlying plaintiff's claims, and should therefore be given the opportunity to review his requests with a complete record. If the ABCMR decides in plaintiff's favor, this case likely will be moot. Otherwise, plaintiff will retain the opportunity to seek review of that decision on a complete record.

Defendant acknowledges that the ABCMR denied plaintiff's requests for reconsideration without considering the entire record, and asks for a remand to correct this mistake. While this Court acknowledges plaintiff's age, and his interest in a speedy resolution to this issue, the defendant states that the ABCMR can review the request for reconsideration within six months, and report back to this Court within 30 days of a decision. A delay of that length does not present a clear reason to deny a voluntary remand. *See Mineta*, 375 F.3d at 417. Moreover, the prejudice of delay to plaintiff is not sufficiently grave to outweigh the interests of judicial economy and of creating a full record prior to review of the agency's actions in this Court.

As a final matter, the agency has proposed that the Court impose a number of conditions

5

on its grant of a voluntary remand, which the Court will adopt in part, as set forth below.

## II. Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendant's motion for remand is GRANTED.

2. Plaintiff shall submit any additional evidence that he wishes the ABCMR to consider in its review within 30 days of the remand.

3. The purpose of the remand is to permit the ABCMR an opportunity to review and render a decision regarding the matters raised in plaintiff's reconsideration requests, including (1) whether plaintiff's December 18, 1972 adverse academic report should remain in his official military personnel file; (2) whether plaintiff's OER for the period from October 11, 1968, through February 28, 1969, should remain in his official military personnel file; and (3) whether plaintiff's discharge from the Army should be amended to a retirement due to disability effective December 3, 1973.

4. If the ABCMR has not rendered a decision within 180 days of the date of this order, plaintiff may seek appropriate relief from this Court.

5. Within 30 days after final action by the ABCMR, the parties shall file with the Court a copy of the decision of the ABCMR, along with a joint status report setting forth the parties' positions as to whether this case is moot or needs to be placed on the Court's active docket.

**So Ordered.**

                                                 /s/ F. Dennis Saylor
                                                 F. Dennis Saylor IV
Dated: July 10, 2014                         United States District Judge