UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID W. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-10275-FDS |
| | ) | |
| PATRICK J. MURPHY, | ) | |
| Acting Secretary of the Army,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF PARTIAL JUDGMENT AND REMAND

**SAYLOR, J.**

This matter arises out of the United States Army's denial of a veteran's petitions for correction of his military records. *Pro se* Plaintiff David Bennett, a Vietnam veteran and former Army Captain, has brought six claims under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* The complaint alleges that the Army Board for Correction of Military Records ("ABCMR") improperly denied Bennett military-retirement status and refused to expunge from his military record an adverse academic evaluation report ("AER"), an adverse officer evaluation report ("OER"), and related documents.

Defendant Patrick J. Murphy, Acting Secretary of the Army, moved for summary judgment on all claims. On February 26, 2016, the Court granted his motion in part and denied it in part. The Court granted defendant's motion as to Counts Three and Six, concluding that the

---

[1] The complaint names former Secretary of the Army John M. McHugh as the defendant. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Patrick J. Murphy, is automatically substituted as the new defendant.

ABCMR's decision not to award Bennett retroactive disability retirement was not arbitrary and capricious under the APA.  However, it denied defendant's motion as to Counts One, Two, Four, and Five.  The Court further ordered defendant to show cause why summary judgment should not be entered in favor of Bennett on those claims pursuant to Fed. R. Civ. P. 56(f).  Specifically, defendant was ordered to show cause why the AER (A.R. 646), a letter related to the AER (A.R. 499), the OER (A.R. 683-85), and documents related to the OER (A.R. 652-53) should not be formally expunged from Bennett's record.

On March 18, 2016, defendant responded to the order to show cause.  He conceded that the AER, the letter related to the AER, and the OER should be formally expunged.  However, as to pages 652 and 653 of the administrative record, defendant requested that the Court remand the issue to the ABCMR.[2]  In support of that request, he noted that Bennett did not formally seek removal of the correspondence dated December 21, 1971 (A.R. 652-53) in his ABCMR applications, and therefore, the ABCMR did not make any findings about those documents.

When an agency has not considered all relevant factors when making its decision, the proper course generally is to remand the matter to the agency for reconsideration.  *Florida Power & Light v. Lorion*, 470 U.S. 729, 744 (1985).  Voluntary remands are commonly granted because they allow agencies to correct their own mistakes without expending the resources of the court in reviewing a record that is admittedly incomplete or incorrect.  *See, e.g.*, *Ethyl Corp v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993).  A voluntary remand should therefore be granted except in such "rare circumstances" as where there are clear reasons for a court to proceed without granting the remand.  *See Florida Power*, 470 U.S. at 744; *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 417 (6th Cir. 2004).  Thus, for example, courts have

---

[2] Given the nature of the defendant's request, the Court will construe his response to the order to show cause as a motion for partial remand.

held that an agency has the inherent authority to reconsider its own decision but found clear reason to deny a voluntary remand when an agency's request to review its own decision is "arbitrary, capricious, or an abuse of discretion." *See Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002).

Accordingly, and for the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff David Bennett is granted partial summary judgment as to Counts One, Two, Four, and Five pursuant to Fed. R. Civ. P. 56(f). Specifically, the ABCMR is hereby ORDERED to remove and formally expunge Bennett's adverse OER (A.R. 683-85), adverse AER (A.R. 646), and the AER-related correspondence dated August 1, 1972 (A.R. 499).

2. Defendant's motion for partial remand to the ABCMR for consideration of pages 652 and 653 of the administrative record is GRANTED.

3. The purpose of the remand is to permit the ABCMR an opportunity to review and render a decision regarding whether the OER-related correspondence dated December 21, 1971 (A.R. 652-53) should remain in his official military personnel file.

4. Bennett shall promptly submit any additional evidence that he wishes to the ABCMR to consider in its review of pages 652 and 653 of the administrative record. If the ABCMR has not rendered a decision within 180 days of the date of this order, Bennett may seek appropriate relief from this Court.

5. The Court will retain jurisdiction over this matter to the extent necessary and appropriate to address any further proceedings arising out of or related to this order.

**So Ordered.**

                                                /s/  F. Dennis Saylor
                                                F. Dennis Saylor IV
Dated:  April 13, 2016                       United States District Judge